UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STARR INDEMNITY & LIABILITY CO., et al., | ) ) ) |
| Plaintiffs and Counter-Defendants, | ) ) ) |
| v. | ) ) |
| CONTINENTAL CEMENT COMPANY, L.L.C., et al., | ) ) ) ) |
| Defendants and Counter-Plaintiffs. | ) |

Case No. 4:11CV809 RWS

# MEMORANDUM AND ORDER

This matter is before me on defendants' motion to strike or dismiss plaintiffs' complaint. Starr Indemnity & Liability Company and New York Marine & General Insurance Company insured a cement barge, the Mark Twain. The Mark Twain was docked at Continental Cement Company's St. Louis, Missouri dock on February 7, 2011 when it sank. Summit Materials has an ownership interest in Continental.

Starr originally filed this action seeking a declaration that it is not required to make any payments to defendants under the provisions of the policy. Starr did not designate its complaint as arising in admiralty. Defendants answered the complaint and filed a counterclaim for breach of the insurance contract. Defendants made a demand for a jury trial on both their counterclaim and Starr's declaratory judgment claim. Defendants also named New York Marine as a third-party defendant. Starr and New York Marine, now a plaintiff, then filed an amended complaint

designating their declaratory judgment claim in admiralty.[1]  Defendants now seek to either strike plaintiffs' admiralty designation or dismiss their claim for declaratory relief.  For the reasons stated below, I will deny both motions.

**Discussion**

Defendants first argue that I should strike plaintiffs' amended complaint because it was untimely filed and would deprive defendants of a jury trial.  A motion to strike is governed by Rule 12 (f) of the Federal Rules of Civil Procedure, which provides that a "court may strike from a pleading an insufficient defense or redundant, immaterial, or scandalous matter."  Motions to strike are viewed with disfavor and infrequently granted.  Lunsford v. United States, 570 F.2d 221, 229 (8th Cir. 1977).

A party may amend its complaint as a matter of right under Federal Rules of Civil Procedure Rule 15, which states that:

> A party may amend its pleadings once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1).  Federal Rule of Civil Procedure 7 (a) defines a pleading as either a complaint, an answer to a complaint, an answer to counterclaim designated as a counterclaim, an

---

[1] Rule 9(h) of the Federal Rules of Civil Procedure states:

> If a claim for relief is within admiralty or maritime jurisdiction and also within the court's subject-matter jurisdiction on some other ground, the pleading may designate the claim as an admiralty or maritime claim . . . .

Fed. R. Civ. P. 9(h)(1).

answer to a cross claim, a third-party complaint, an answer to a third-party complaint, or, if the court orders one, a reply to an answer. Fed. R. Civ. P. 7(a).

Defendants contend that plaintiffs' amended complaint, which designates this case as one arising in admiralty, should be stricken because it was filed after they made a demand for a jury trial in their answer and counterclaim.[2] This argument fails because the amended complaint was timely filed as a matter of right within 21 days after plaintiffs were served with the defendants' answer and counterclaim. Fed. R. Civ. P. 15(a)(1)(B). Defendants may still demand a jury trial on their counterclaims, which I will require defendants to replead in their answer to the amended complaint so that the record is clear. Whether I may ultimately be required to sever some claims or issues for a jury trial is not properly before me at this time and is not a basis for denying plaintiffs their right to file an amended complaint. The motion to strike will be denied.

Defendants also argue that I should dismiss the plaintiffs' amended complaint for declaratory relief because it constitutes a race to the courthouse and there is an adequate remedy at law. Courts may dismiss a declaratory judgment action if the party acted in bad faith by filing the suit or filed it as a race to the courthouse. Northwest Airlines, Inc. v. American Airlines, Inc., 989 F.2d 1002, 1005 (8th Cir. 1985), *cited in* Commercial Union Ins. v. Torbaty, 955 F.Supp. 1162, 1163-1164 (E.D. Mo. 1997). To decide whether a declaratory judgment action constitutes a race to the courthouse, the Eighth Circuit Court of Appeals directs me to decide whether the declaratory judgment action was filed to circumvent the first-filed rule. *Id.* The first-filed rule applies when an action is filed in either two *separate* federal cases or a federal *and* a state case.

---

[2]"The seventh amendment does not require jury trials in cases based on claims in admiralty." Koch Fuels, Inc. V. Cargo of 13,000 Barrels of No. 2 Oil, More or Less, In Rem, 704 F.2d 1038, 1041 (8th Cir. 1983).

Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu, 675 F.2d 1169, 1174 (11th Cir. 1982), *quoted in* Northwest Airlines, 989 F.2d at 1005. Courts can also dismiss a declaratory judgment action if there are parallel state court proceedings. Wilton v. Seven Falls Co., 515 U.S. 277 (1995).

Defendants argue that plaintiffs' amended complaint should be dismissed because it either constitutes a race to the courthouse or is "superfluous." Defendants's race to the courthouse argument fails because this is the only pending case. See e.g. Commercial Union Ins., 955 F.Supp. at 1163; Eveready Battery Company v. L.P.I. Consumer Products, Inc., 464 F.Supp.2d 887, 891 (E.D. Mo. 2006). There is also no evidence the declaratory judgment action was filed in "bad faith." The same reasoning defeats defendants' argument that the case is superfluous or duplicative. Finally, defendants' request for a stay, which they abandon in their reply brief, is summarily denied. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Strike [#17-1] and Motion to Dismiss [#17-2] are **DENIED**.

**IT IS FURTHER ORDERED** that defendants shall file their answer and any counter claims to plaintiffs' amended complaint within twenty (20) days of the date of this Order.

**IT IS FURTHER ORDERED** that plaintiffs' motion to add party [#20] is granted.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dates this 13th day of October, 2011.