UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| STARR INDEMNITY & LIABILITY COMPANY and NEW YORK MARINE & GENERAL INSURANCE CO., | ) ) ) ) | |
| Plaintiffs and Counter-Defendants, | ) ) | |
| vs. | ) ) | Case No. 4:11CV809 JAR |
| CONTINENTAL CEMENT COMPANY, L.L.C., SUMMIT MATERIALS, L.L.C., and THE UNITED STATES ARMY CORPS OF ENGINEERS, | ) ) ) ) ) ) | |
| Defendants and Counter-Plaintiffs. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs Starr Indemnity & Liability Company and New York Marine & General Insurance Company's (collectively, "Starr") Motion for Sanctions (ECF No. 135), Continental's and Summit's Motions *in Limine* (ECF No. 164), and Starr's Motion *in Limine* as it relates to costs to transport cement (ECF No. 166).

**I.  Starr's Motion for Sanctions and Continental's Motion *in Limine***

On March 7, 2013, Starr filed a Motion for Sanctions, asserting that Continental intentionally destroyed evidence and seeking sanctions for such conduct. In turn, on April 12, 2013, Continental filed a Motion *in Limine* requesting, among other things, that Starr not be permitted "to present evidence to the Court and the jury during trial to prove its claim for sanctions." (ECF No. 164, p. 5). The Court denies Starr's Motion for Sanctions and grants Continental's Motion *in Limine* with respect to evidence regarding destruction of evidence.

"A court's inherent power includes the discretionary 'ability to fashion an appropriate sanction for conduct which abuses the judicial process.'" Stevenson v. Union Pac. R. Co., 354

F.3d 739, 745 (8th Cir. 2004)(quoting Chambers v. NASCO, Inc., 501 U.S. 32, 44-45 (1991)). "A spoliation-of-evidence sanction requires 'a finding of intentional destruction indicating a desire to suppress the truth.'" Greyhound Lines, Inc. v. Wade, 485 F.3d 1032, 1035 (8th Cir. 2007)(quoting Stevenson, 354 F.3d at 746.

The Court finds no evidence that Continental intended to destroy evidence or suppress the truth. First, the Court notes that Starr had ample opportunity to inspect the Mark Twain during the course of this litigation. In fact, Starr conducted (at least) two inspection dives, with the second occurring on February 26, 2013 upon order of this Court. After the second dive, Starr provided a supplemental motion in support of its Daubert and summary judgment motions that indicated that Starr's diver found no holes in the starboard #3 wingtank. (ECF No. 132). The dive inspection report did not indicate that the diver's inspection was in any way hindered by the purported destruction of the Mark Twain. (ECF No. 132-1). Likewise, on February 27, 2013, Starr's counsel wrote to counsel for Continental indicating that the starboard #3 wingtank had no holes. (ECF No. 132-2). Thus, the evidence indicates that Starr was able to fully investigate and test the cause of the Mark Twain sinking and that there was no attempt by Continental to suppress the truth.

Second, the Court finds no indication that Continental did anything untoward by beginning wreck removal. Starr contends that the shroud of secrecy regarding the wreck removal is indicative of Continental's destruction of evidence. Starr repeatedly complains about a "gag order" and communications "blackout" as evidence of Continental's purported nefarious motive. The Court does not infer any such malicious intent. Once Starr declined coverage on the hull and P&I policies, Continental was under no obligation to consult Starr regarding the appropriate method of wreck removal or to obtain Starr's permission prior to wreck removal. Everyone

involved in this issue has agreed that the Mark Twain needs to be removed, particularly while water levels remained low. The mere fact that Continental commenced removal without first notifying Starr does not demonstrate that Continental's intent was to destroy evidence. Starr's Motion for Sanctions is denied and Continental's Motion *in Limine* is granted, in part.

## II.    Motion *in Limine* Regarding Costs to Transport Cement

In the Motion *in Limine*, Starr argues that evidence relating to Continental's cost of transporting cement is inadmissible.[1] The P&I policy (where the wreck removal provision is found) obligates Starr to indemnify Continental for any occurrence or casualty that results in "costs or expenses of, or incidental to, any attempted or actual removal or disposal of obstructions, wrecks or their cargoes under statutory power or otherwise pursuant to law[.]" The P&I policy, however, specifically excludes any "liability or claim for any loss of, damage to, or expense in respect of property owned, leased, chartered, or hired by the Assured."

First, the Court notes that the P&I policy is a policy for indemnity. Here, Continental does not seek indemnification for costs incurred by third parties, but rather for business interruption expenses as a consequence of the wreck removal. The Court finds that the trucking costs are not truly incidental to wreck removal, but relate to Continental's ability to continue its business.

The Court also finds that this case falls within the "owned property" exclusion of the P&I policy. "The purpose of the exclusion is to effectuate the intent that '[l]iability insurance is designed to provide compensation for damages to property not owned or controlled by the insured.'" Am. States Ins. Co. v. Hanson Indus., 873 F. Supp. 17, 24 (S.D. Tex. 1995)(quoting Travelers Ins. Co. v. Waltham Indus. Laboratories Corp., 722 F. Supp. 814, 828 (D. Mass. 1988) aff'd in part, rev'd in part, 883 F.2d 1092 (1st Cir. 1989)). Continental is seeking compensation

---

1 The Court notes that this argument probably should have been presented to the Court as a motion for summary judgment. At oral argument on April 19, 2013, counsel for Starr seemed to acknowledge as much but claimed that Starr received the documentation relating to the trucking costs after the deadline for submitting summary judgment motions had passed. In any event, this matter has been fully briefed and is ready for disposition.

for damages to its own business interruption and for coverage for its own property, which is excluded from coverage. Shelter Mut. Ins. Co. v. Ballew, 203 S.W.3d 789, 794 (Mo. Ct. App. 2006); Clarinet, LLC v. Essex Insurance Co., No. 12-1416 (8th Cir. Apr. 22, 2013)(holding that the owned property exclusion "explicitly exclude[d]" expenses incurred in stabilizing and demolishing insured's building). As such, the Court believes that the trucking expenses fit in the "owned property" exclusion. The Court grants Starr's Motion *in Limine* with respect to the costs to transport cement.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs Starr Indemnity & Liability Company and New York Marine & General Insurance Company's Motion for Sanctions [135] is **DENIED** and Continental's and Summit's Motions *in Limine* [164] is **GRANTED, in part**.

**IT IS FURTHER ORDERED** that Starr's Motion *in Limine* as it relates to costs to transport cement [166] is **GRANTED**.

Dated this 23rd day of April, 2013.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE