**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| STARR INDEMNITY and LIABILITY CO. and NEW YORK MARINE and GENERAL INSURANCE CO., | ) ) ) ) |
| Plaintiffs, | ) ) No. 4:11-CV-809 JAR |
| v. | ) ) ) |
| CONTINENTAL CEMENT CO., L.L.C. and SUMMIT MATERIALS, L.L.C., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Bill of Costs. (ECF No. 196). This matter is fully briefed and ready for disposition.

## BACKGROUND

On May 1, 2013, a jury found in favor of Plaintiffs Starr Indemnity and Liability Company and New York Marine & General Insurance Company (collectively, "Starr") on Defendants Continental Cement Company, L.L.C. and Summit Materials, L.L.C.'s (collectively "Continental") cross-claims for wreck removal of the MARK TWAIN and for insurance benefits and interest. On May 17, 2013, the Court entered judgment in favor of Starr and ordered the return of premiums for the insurance policies that were voided. (ECF No. 195). On May 20, 2013, Starr filed its Motion for Bill of Costs, asserting that it is entitled to costs pursuant to Rule 54 and 28 U.S.C. §1920 in the amount of $15,590.74.

## STANDARD OF REVIEW

Costs, other than attorneys' fees, "should be allowed to the prevailing party." Fed. R. Civ. P. 54(d); see also 28 U.S.C. § 1920 (enumerating costs that are recoverable).[1] "Federal courts are bound by the limitations set out in section 1920." 168th & Dodge, LP v. Rave Reviews Cinemas, LLC, 501 F.3d 945, 957 (8th Cir. 2007) (citations omitted). Although there is a presumption that the prevailing party is entitled to its costs, the district court has "substantial discretion" in awarding costs. Marmo v. Tyson Fresh Meats, 457 F.3d 748, 762 (8th Cir. 2006) (citing Computrol, Inc. v. Newtrend, L.P., 203 F.3d 1064, 1072 (8th Cir. 2000)); Bathke v. Casey's Gen. Stores, 64 F.3d 340, 347 (8th Cir. 1995). "The losing party bears the burden of overcoming the presumption that the prevailing party is entitled to costs, meaning that the losing party must 'suggest a rationale under which the district court's actions constitute an abuse of discretion.'" 168th & Dodge, LP, 501 F.3d at 958 (quoting Janis v. Biesheuvel, 428 F.3d 795, 801 (8th Cir. 2005)).

## DISCUSSION

Continental objects to portions of Starr's Bill of Costs for two reasons. First, Continental claims that Starr's copying costs of $2,305.49 are unnecessary and unreasonable. Second, Continental contends that Starr's costs for unnecessary depositions and video recordings should be denied.

---

[1] 28 U.S.C. § 1920 provides:
A judge or clerk of any court of the United States may tax as costs the following:
(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the cost of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The Court awards Starr the costs for which Continental has not filed any objection. The copying costs and deposition costs, for which Continental has raised objections, are addressed herein.

A. Copying Charges

Continental takes issue with Starr's copying charges in the amount of $2,305.49. (ECF No. 198, p. 2). The invoice states that it is for 3,546 "color copies (Printed)", 105 more color copies, and 1,108 black-and-white copies. (Id.). Continental assumes that these documents were for trial, but notes that Starr offered fewer than 10 photographs at trial. Continental asserts that Starr cannot recover copying charges for documents that were not necessary and never used at trial.

Starr notes that the parties exchanged several thousand photographs and other documents. Starr claims that the copy charges included in its Bill of Costs were only for those copies that Starr considered using at trial. (ECF No. 199, p. 3). Starr contends that it should recover the cost of all of these copies even though it only used a few of the photographs because it has no means of knowing which photographs would become necessary prior to trial, particularly given Continental's differing theories regarding why the MARK TWAIN sank. (Id.). In summary, Starr claims that "[e]ven if some copies duplicated others, those duplicates were minimal, and all of the copies were for trial." (Id.).

"In determining whether a photocopy expense is necessary so as to be taxable as a cost and whether to award that cost to the prevailing party, the district court enjoys discretion so long as it does not act arbitrarily." Concord Boat Corp. v. Brunswick Corp., 309 F.3d 494, 498 (8th Cir. 2002). When an expense is taxable as a cost, however, there is a strong presumption that a prevailing party shall recover it "in full measure." In re Paoli R.R. Yard PCB Litig., 221 F.3d

449, 468 (3d Cir. 2000); see Zotos v. Lindbergh Sch. Dist., 121 F.3d 356, 363 (8th Cir. 1997). The Court also recognizes that the losing party bears the burden of making the showing that an award is inequitable under the circumstances. Concord Boat Corp., 309 F.3d at 498. The Court believes that Continental has satisfied this burden by demonstrating that Starr requests costs for copying thousands pages of photographs yet it utilized only 10 photographs during trial. The Court concludes that many of the requested photographs for which Starr requests compensation are duplicates. The Court, however, notes that neither party analyzed the photographs on a photograph by photograph basis so it is impossible for the Court to determine the precise number of duplicate copies. Further, while the Court understands that the parties cannot always anticipate the course of trial testimony or the evidence the opposing side may present in support of its case, the Court finds that the disproportionate number of copies made in comparison to the 10 photographs used at trial makes an award of Starr's requested copying costs inequitable. Accordingly, the Court will make a fifteen (15) percent reduction to Starr's requested copying costs of $2,305.49. The Court awards Starr its copying costs in the amount of $1,959.67. See Concord Boat Corp., 309 F.3d at 499 (holding that the factors "support[ed] no more than a fifteen percent reduction to [defendant's] request for copy costs").

    B. Unnecessary Depositions and Video Recordings

Continental also claims that Starr improperly seeks to recover expenses for unnecessary depositions and video recordings. (ECF No. 198, p. 2). Starr requests costs for the deposition of Todd Swenson in the amount of $551.50 even though Starr did not use this deposition at trial and did not call Swenson as a witness. (Id.). Starr also submitted deposition expenses for three other witnesses who were not called at trial and were within the subpoena power of the Court: Bruce Gibson ($676.60), Dennis Georges ($359.20), and Leon McKinney ($430.05).

Continental asserts that these depositions were purely investigative in nature and not necessarily incurred, as required under §1920.  For example, Continental maintains that the depositions of Mr. Gibson and Mr. Georges were regarding Starr's claim that Continental destroyed evidence in connection with the wreck removal, which the Court found to be unfounded.  Likewise, the deposition of Mr. McKinney related to Starr's claim that he improperly influenced the U.S. Army Corps of Engineers, which the Court concluded was "pure speculation."

In reply, Starr claims that these depositions were necessarily incurred based upon the information known at the time the depositions were taken. ECF No. 199, pp. 2-3 (citing Thomas v. Newton, 4:07CV556 AGF, 2009 WL 1851093, at *3 (E.D. Mo. June 26, 2009)("The determination of whether a deposition was necessary 'must be made in light of the facts known at the time of the deposition, without regard to intervening developments that later render the deposition unneeded for further use.'").  Starr claims that Continental has not satisfied the "burden of making specific objections that demonstrate that a particular deposition was unnecessarily taken."  (ECF No. 199, p. 2 (citing Buehrle v. City of O'Fallon, 4:10CV00509AGF, 2012 WL 579473, at *2 (E.D. Mo. Feb. 22, 2012)).

Starr notes that people at issue were on both parties' "may call" witness lists.  Starr states that it took the video deposition of Todd Swenson, who resides in Connecticut, because he submitted Continental's insurance application (that omitted the 2008 survey).  Starr claims that Continental's insurance application was a "key issue" in this case and Starr intended to use the deposition at trial.  (ECF No. 199, p. 2).  In addition, Starr claims that it deposed Lee McKinney because it intended to call him regarding Continental's P&I claim, and Starr used that deposition in a number of pretrial briefs.  (Id.).  Starr asserts that it should recover the costs of this

deposition even though the Court's later evidentiary ruling made such deposition unnecessary. Moreover, Starr claims that the depositions of Dennis Georges and Bruce Gibson were reasonably necessary for the presentation of Starr's case. Both were divers employed by Continental and provided evidence relied upon by Continental's experts John Tylawsky and John Stockman. (Id.). Thus, Starr claims that it is entitled to recover the costs of Mr. Georges' and Mr. Gibson's depositions even though Continental decided not to call them at trial.

The Court finds that all of these depositions were "necessarily obtained for use in this case" as required by §1920. The Court agrees that the facts and circumstances surrounding Continental's insurance application were at issue in this litigation and that the deposition of Todd Swenson, therefore, was reasonably incurred. Likewise, the Court notes that the investigation of the P&I claim was at issue, particularly with respect to Continental's vexatious refusal to pay claim. Although the Court ultimately ruled that Mr. McKinney's influence on the Corps was not untoward, the Court finds that Starr's investigation of this issue in preparation for pretrial motions was reasonably necessary under the circumstances. Finally, the Court finds that the depositions of divers Dennis Georges and Bruce Gibson were necessary because they provided evidence relied upon by Continental's experts, John Tylawsky and John Stockman. Because the expert reports of Mr. Tylawsky and Mr. Stockman were at issue in the trial, the Court finds that the expenses for these depositions were reasonably incurred under §1920.

C.  Effect of Appeal

The Court notes that Continental filed a Notice of Appeal on June 14, 2013 (ECF No. 200). The Court, therefore, orders that execution on this Bill of Costs award be stayed pending the outcome of Continental's appeal.

Accordingly,

- 7 -

**IT IS HEREBY ORDERED** that Plaintiffs' Bill of Costs [196] is **DENIED**, in part, and **GRANTED**, in part.

**IT IS FURTHER ORDERED** that costs are taxed against Defendants Continental Cement Company, L.L.C. and Summit Materials, L.L.C.and in favor of Plaintiffs Starr Indemnity and Liability Company and New York Marine & General Insurance Company in the amount of $15,244.92.

**IT IS FINALLY ORDERED** that execution on this Bill of Costs award be stayed pending the outcome of Continental's appeal.

Dated this 21st day of June, 2013.

_____
**JOHN A. ROSS
UNITED STATES DISTRICT JUDGE**